# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MARK BRIGGS,<br>*Plaintiff,*<br><br>v.<br><br>CHARLOTTESVILLE PUBLIC SCHOOLS,<br>*Defendant.* | No. 3:12–cv–00004<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

Plaintiff Mark Briggs ("Briggs"), *pro se*, alleges that Defendant Charlottesville Public Schools ("the School") violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans With Disabilities Act of 1990 ("ADA") when the School terminated Briggs's employment as a part-time substitute instructional aide assistant in April of 2011. Pursuant to 28 U.S.C. § 1915(a)(1), this Court granted Briggs's Motion for Leave to File In Forma Pauperis (docket no. 1), and the Clerk of the Court filed his Complaint (docket no. 2). Having reviewed Briggs's allegations, however, the Court will summarily dismiss the Complaint, without prejudice, because Briggs has failed to state a claim upon which relief can be granted.

## I. BACKGROUND

The narrative set forth in Briggs's handwritten Complaint is rather fragmented; however, in order to allow the possible development of a potentially meritorious case, the Court, as it must, shall construe the Complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). According to his Complaint, in April of 2011, Briggs accepted an "assignment to

1

work a half a day" as a substitute instructional aide at Jackson-Via Elementary School in Charlottesville, Virginia. Compl. 1. At some unspecified point during his unspecified tenure at Jackson-Via,[1] other teachers were "talking to [him] badly" and "telling kids not to leave with [him] . . . ." *Id.* Briggs maintains that he did nothing wrong, and such talk was unwarranted. *Id.* at 1–3. Then, while Briggs was working with students in a classroom, the principal of the school came into the classroom and handed Briggs a note. *Id* at 1. The note provided Briggs with a time at which he was supposed to meet with the principal. *Id.* As directed, Briggs went to the meeting, during which the principal told Briggs that she would have to release him from his duties. *Id.* Briggs responded by saying that he had done nothing wrong, and he now asserts that it would have been more appropriate for the school to make an accommodation for him, since he has a disability.[2] *Id.* at 1–2.

Briggs alleges that when he attempted to go get his bag, the principal called the police. *Id.* at 2. When Briggs reached for the door of the classroom, the principal blocked the doorway so that he could not get his bag. *Id.* Another teacher then handed Briggs his bag, and either that teacher or the principal—to whom Briggs refers is unclear from the Complaint—said to Briggs something to the effect of, "if you touch me, you will go to jail for assault." *Id.* Eventually, Briggs got his bag and proceeded to leave the school grounds. As he was walking out the front door, "she"—again, presumably the principal—was still following him, and asked him which car was his. *Id.* Briggs responded that he caught a cab to work. *Id.* Briggs, in his Complaint,

---

[1] My decision to dismiss does not turn on Briggs's length of service at Jackson-Via Elementary School; however, in an attempt to produce an accurate factual narrative herein, I note that the events alleged—from Briggs beginning his term of employment at Jackson-Via to his termination—appear to have all transpired during the course of a single day. While Briggs's Complaint does allege that he "taught school for seven years as an instructional assistant," and his Charge of Discrimination asserts that he was "hired in July 2006 as a part time Instructional Aid," *see* Compl. Ex. 1, at 2, my interpretation of the filings leads me to believe that Briggs spent that time at other schools.

[2] Briggs apparently suffers from an unspecified disability, which he refers to without elaboration in both his Complaint and his Motion for Leave to Proceed In Forma Pauperis.

rhetorically asks "why would she say those bad things to me I'm a working man not a drug dealer . . . ." *Id.* Notably, Briggs does not allege with any specificity what "bad things" the principal or any other school employee said. Briggs claims that he felt like he was treated like a criminal during the course of this interaction because police surrounded him in the street. *Id.* at 2–3. At bottom, Briggs believes that his "human & civil rights were violated . . . ." *Id.* at 3. Finally, Briggs notes that, for allegedly no reason at all, somebody—presumably, again, the principal—"chase[d] [him] through the school[3] . . . ." *Id.*

On July 29, 2011, Briggs filed a Charge of Discrimination with the Virginia Council on Human Rights and the Equal Employment Opportunity Commission ("EEOC"). In his Charge of Discrimination, Briggs asserts his belief that he was discharged "because of [his] race, Black, . . . and because of [his] disability . . . ." *See* Compl. Ex. 1, at 2–3. On August 16, 2011, Carolyn King, on behalf of Acting Director of the EEOC Richmond Local Office Thomas Colclough, responded with a Dismissal and Notice of Rights ("Dismissal Notice"). *See* Compl. Ex. 1, at 7. The Dismissal Notice alerted Briggs that the EEOC was closing its file on his charge because the EEOC was unable to conclude that the information obtained established violations of the statutes. *Id.* The Dismissal Notice, in relevant parts, clearly notified Briggs that he had the right to file a lawsuit, and that any such lawsuit under Title VII or the ADA "**must be filed WITHIN 90 DAYS of [his] receipt of this notice** . . . ." *Id.* Briggs filed the instant Complaint on January 25, 2012.

---

[3] Nothing more is said of this "hallway chase" allegation in Plaintiff's Complaint. My interpretation of Plaintiff's filings leads me to believe that this allegation occurred on the same day Briggs was terminated, but before he left the building.

3

## II. APPLICABLE LAW

Although I construe Plaintiff's Complaint liberally, "[i]t is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be 'mind readers' or 'advocate[s]' for *pro se* litigants." *Cox v. Marchant*, C/A No. 2:11–2811–PMD–BHH, 2011 WL 5869684, at *2, Oct. 31, 2011 (D.S.C. 2011) (quoting, respectively, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978)). In that vein, the statute governing in forma pauperis proceedings provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). The "fails to state a claim" standard annunciated in § 1915(e)(2), of course, is "the familiar standard for a motion to dismiss under Federal Rule of Procedure 12(b)(6), accepting the plaintiff's factual allegations as true." *Hancock v. Combs*, No. 7:10–cv–00045, 2010 WL 2164622, at *1 (W.D. Va. May 25, 2010). Even accepting those allegations as true, however, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The plaintiff must recite "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). "Factual allegations," in sum, "must be enough to raise a right to relief above the speculative level." *Id.*

## III. DISCUSSION

Under the governing law set forth above, I find that the Plaintiff's claim, as stated, fails to set forth a claim cognizable in a federal district court. Title VII makes it unlawful for an

4

employer to "discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ."  42 U.S.C. § 2000e–2.  Using similar language, the ADA makes it unlawful for qualifying employers to "discriminate against a qualified individual[4] on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112.

The liberal construal afforded to a *pro se* complaint does not give a plaintiff license to proceed despite "fail[ing] to contain any factual allegations tending to support his bare assertion . . . ."  *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989).  Instead, an "*in forma pauperis* plaintiff[] must meet certain minimum standards of rationality and specificity."  *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (affirming the district court's dismissal of a prisoner's constitutional claims against prison officials).

Even liberally construed, Briggs's Complaint fails to make any factual allegations that would support a claim under either Title VII or the ADA.  Falling far short of even alleging facts necessary to establish a prima facie case under either statutory scheme, the Complaint is mostly nonsensical and unintelligible.  Plaintiff has failed to provide the Court with a coherent factual background for the claims he attempts to pursue.  Plaintiff alleges that he is an African-American, and that he is disabled, and that he was terminated, but none of the facts alleged in his Complaint implicate unlawful conduct on behalf of the Defendant.  The Complaint simply offers no basis to conclude that the School terminated Briggs for reasons prohibited by law.

---

[4] "The term 'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  42 U.S.C. § 12111(8).

To establish a prima facie case of racial discrimination under Title VII, a plaintiff must "prove by a preponderance of the evidence that: (1) he is a member of a protected class; (2) he was qualified for his job and was performing it to Defendant's legitimate expectations; (3) in spite of his qualifications and performance, he was fired; and (4) the position remained open to similarly situated qualified applicants after his dismissal." *See, e.g.*, *Turner v. Danzig*, 8 Fed. App'x 268, 269 (4th Cir. 2001) (citations omitted). Even assuming that individuals at the School were "talking badly" or saying "bad things" to Briggs as he alleges, Briggs has not connected those remarks to either a "discriminatory animus" or even "any employment decision." *See McNeal v. Montgomery Cnty., Md.*, 307 Fed. App'x 766, 774 (4th Cir. 2009) (affirming district court's award of summary judgment to an employer against a plaintiff's Title VII claim alleging age, race, and gender discrimination in the promotion context). Indeed, significantly, the remarks about which Briggs complains are not even specifically alleged to be related to his race. Under such circumstances, this Court will not allow Plaintiff's Title VII claim to go forward.

Turning now to Briggs's ADA claim, to establish a prima facie case under the ADA, "a plaintiff must prove by a preponderance of the evidence that (1) [he] was in the protected class; (2) [he] was discharged; (3) at the time of the discharge, [he] was performing [his] job at a level that met [his] employer's legitimate expectations; and (4) [his] discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination . . . ." *Ennis v. Nat'l Ass'n of Bus. and Educ. Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995) (citations omitted). Even giving the instant Complaint a charitable interpretation, the most Briggs can be said to have alleged is that (1) he has an unspecified disability and (2) he now thinks that the School should have made some sort of accommodation for him instead of firing him. *See* Compl. 2. As

6

written, these allegations give rise to absolutely no inference of unlawful discrimination.  The Complaint therefore fails to state a claim under the ADA, and it, too, will be dismissed.

Additionally, I note that Briggs filed his Complaint with this Court more than five months after the EEOC sent Briggs its Dismissal Notice.  The Dismissal Notice advised Briggs that should he wish to file a lawsuit, he was required to do so within 90 days of his receipt of the Notice.  *See* 42 U.S.C. § 2000e–5(f).  Although "[t]he 90–day period provided for in Title VII is not jurisdictional and is subject to principles of equitable tolling as would be a statute of limitations," *Kramer v. Bd. of Educ. of Balt. Cnty.*, 788 F. Supp. 2d 421, 425 (D. Md. 2011) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96 (1990)), the Court takes notice that Briggs offered no explanation for his late filing.  The United States Court of Appeals for the Fourth Circuit has directed its district courts to employ a case-by-case analysis "of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period."  *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987).  The Supreme Court of the United States has cited examples of when the statutory period might equitably toll, including, for instance, where

> a claimant has received inadequate notice . . . or where a motion for appointment of counsel is pending and equity would justify tolling . . . or where the court has led the plaintiff to believe that [he] had done everything required of [him] . . . [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.

*Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (citations omitted).  There being no facts alleged that might provide reasonable grounds for the Court to equitably toll the filing period, Briggs has failed to state a claim on which relief may be granted, and dismissal would be warranted under this alternative analysis.

7

## IV. CONCLUSION

For the reasons stated, the Court concludes that the Plaintiff has failed to state a claim upon which relief may be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(b), the Court will dismiss the Complaint, without prejudice, in an Order to follow.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to the Plaintiff and to counsel of record for the Defendant.

Entered this __1st__ day of February, 2012.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

8